IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL E. SADOWSKY<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 03-0059<br>) |
| INGERSOLL-RAND COMPANY<br>    Defendant. | )<br>) |

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                    November 4, 2005

    Before the court is plaintiff's Motion for Attorney Fees and Costs [Doc. No. 61]. On February 23, 2005, following trial, a jury returned a verdict against defendant. The jury found that defendant discriminated against plaintiff because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, and the Pennsylvania Human Relations Act, 43 Pa.Con.Stat. §951. The jury awarded plaintiff $50,000 in compensatory damages. Also, as a result of a prior ruling of the court, plaintiff was reinstated to a position with Ingersoll-Rand, which he presently holds.

    Plaintiff now requests an award of attorneys' fees in the amount of $245,617.20, and expenses in the amount of $15,695.38. Defendant has objected to both requests. For the following reasons, we will reduce the attorneys' fees request by $26,640.03 and award $218,977.17 in attorneys' fees and will reduce the expenses request by $2,177.21 and award $13,518.17 in expenses.

A.  Attorneys' Fees

1.  Limited Success

A "prevailing party" in a federal civil rights case may recover reasonable attorneys' fees and costs. 29 U.S.C. §626(b). A "prevailing plaintiff" may also recover counsel fees and costs under the Pennsylvania Human Relations Act. 43 Pa.Con.Stat. §962(c.2). Although defendant does not contest plaintiff's status as a prevailing party, it does argue that a significant reduction in fees should be made due to plaintiff's limited success in the case. District courts are vested with the discretion to reduce the lodestar, i.e.. the reasonable time expended multiplied by the reasonable hourly rate, if it is not reasonable in light of the results obtained. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983) ("the level of a plaintiff's success is relevant to the amount of fees to be awarded"); Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). In other words, if a plaintiff is only partially successful, a district court may reduce the total attorneys' fees awarded to reflect that lack of complete success. See e.g. Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031 (3d Cir. 1996) (reduction of 50% appropriate because plaintiff lost on his primary claim, racial discrimination, and received only nominal damages on his retaliation claim).

We do not find such a reduction appropriate in this case. Plaintiff prevailed on his age discrimination claims. Defendant contends that plaintiff was unsuccessful because the damages plaintiff sought were much higher than the damages the jury actually awarded. However, defendant fails to recognize the value of plaintiff's reinstatement. We find that remedy to have significant value to plaintiff. That value must be considered when determining plaintiff's overall success in this case. In addition, we note that plaintiff's monetary damages were limited at trial because he took the initiative to find another job quickly, and was successful at his new position. Were we to cut plaintiff's attorneys' fees because plaintiff mitigated his own damages, we would punish such initiative and hard work. Public policy is not advanced by such a result. Under the circumstances, we find that plaintiff was extremely successful in this case, and that it would be inappropriate to reduce his attorneys' fees for a "lack of success".

2. <u>Unreasonable Hours</u>

Defendant next argues that plaintiff is not entitled to certain fees because they are unreasonable. With respect to the hours spent, a court is directed to deduct hours from the calculation if they are excessive, redundant, or otherwise

unnecessary. Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001); Rode, 892 F.2d at 1183.

Defendant contends that the fees requested for the attendance of a second attorney, Ms. Davis, at the pre-trial conference should be disallowed. Ms. Davis spent a significant amount of time working on this case. She was obviously familiar with the facts and law and assisted Mr. Carroll throughout trial. I find that it was neither unnecessary nor unreasonable for plaintiff to have her attend the pre-trial conference with lead trial counsel.

Defendant also contends that the number of hours expended on certain categories of tasks was unreasonable. In large part, I disagree. Plaintiff's counsel was thoroughly prepared and well versed in the factual and legal issues presented. Such preparation takes time, attention, and careful planning. As evidenced by plaintiff's success, that hard work paid off. That being said, we do find that the number of hours billed in certain categories was unreasonable, and will reduce the billable hours in those categories by half.

First, we find that the number of hours spent in responding to defendant's summary judgment motion was unreasonable. Counsel billed 146.21 hours to that task. While we applaud and encourage attorneys who put the time and effort into presenting well

4

written, well researched, and factually complete pleadings to this court, we find that the amount of time expended on this particular task was unreasonable under the circumstances. Plaintiff's opposition to the summary judgment motion presented few unique legal issues; it was largely a compilation of factual evidence. A law firm that specializes in employment litigation certainly had the benefit of some prior work product regarding the general law of age discrimination. In addition, based on a review of the time records, it appears that both attorney Carroll and attorney Davis were researching and drafting the opposition brief at the same time. While we recognize that young attorneys must learn by doing and that the work product often takes much longer to complete and must be reviewed closely, or re-done, by more senior attorneys, in the marketplace careful clients usually do not pay the full amount of such "training" costs. The number of hours expended is simply unreasonable under the circumstances and will be cut by half. The allowed amount of attorneys' fees for the task of opposing defendant's motion for summary judgment will be reduced by $15,014.93 [(39.25 hrs. x .50 x $325) + (.80 hrs. x .50 x $325) + (105.96 hrs. x .50 x. $160) + (1.20 hrs. x .50 x $50)].

Second, we find that the 86.35 hours spent by paralegals indexing and summarizing deposition transcripts was unreasonable

and will cut those hours by half.  Although we recognize the value of having a substantive summary of a deposition transcript available, and do not equate the paralegals' work to the word index produced by the court reporter, as argued by defendant, the amount of time is excessive.  Given the reality that deposition transcripts do have word indexes and can even be searched electronically now, such summarizing should be fairly streamlined.  The hours spent on this task are simply excessive and will be cut in half.  The allowed amount of attorneys' fees for the task of indexing and summarizing depositions will be reduced by $2,158.75 [86.35 hrs. x .50 x $50].

Finally, we will reduce the number of hours expended by the attorneys on economic damages by half.  We do not condemn plaintiff for aggressively pursuing any and all damages to which it could have possibly been entitled.  However, plaintiff's position as to back pay and liquidated damages was fundamentally flawed under the law, which surely resulted in wasted time and resources.  As the court determined at trial, plaintiff was not eligible for back pay.  As a consequence plaintiff could also not recover liquidated damages.  Plaintiff had received a severance package and secured a job shortly after being fired that paid him more than he had been making with defendant.  The law in this circuit is very clear on how severance packages are to be

accounted for and how back pay is calculated. While we do not punish plaintiff for his initiative in finding a job, we cannot encourage attorneys who have no viable argument as to why back pay, and hence liquidated damages, to waste large amounts of time on such issues. Under the circumstances, plaintiff had no cognizable argument for securing back pay or liquidated damages and the attorney time spent on damages issues will be reduced by half. The allowed amount of attorneys' fees for work on the damages issue will be reduced by $9,466.35 [(34.54 hrs. x .50 x $325) + (48.17 x .50 x $160)].

Defendant also claims that the time spent on several other tasks was unreasonable and should be reduced, or disallowed. We have considered defendant's arguments, but disagree. The time spent on client communications, in a case that went on for more than three years and was highly fact dependant, was reasonable. Similarly, the amount of time spent on document production, settlement negotiation preparations, and the fee petition were reasonable. These tasks take significant time to complete and the hours billed to them were not so outrageous that they rise to the level of being unreasonable. Finally, we will not disallow fees charged for drafting a motion to compel simply because it was unsuccessful. Therefore, we find the amount of time billed to all other categories objected to by defendant to be reasonable

and we will not reduce the number of hours expended on those tasks.

### 3. Unreasonable Hourly Rates

Defendant has objected to the hourly rates requested. The Court of Appeals for the Third Circuit adopted the "community market rate" rule for determining the reasonableness of the hourly rate. Student Public Interest Research Group v. AT&T Bell Lab, 842 F.2d 1436, 1447 (3d Cir. 1988). We find that the hourly rates are reasonable. The rates charged for each attorney and paralegal represent the prevailing market rates for professionals of comparable skill, experience and reputation. The reasonableness of the claimed hourly rates is supported by affidavits, and not contradicted by competing affidavits. We will not reduce the hourly rates requested by plaintiff.

### B. Expenses

Defendant has also objected to plaintiff's request for expenses. In light of the reductions that we made to the attorneys' fees, we will reduce the expert and a portion of the electronic research categories by half. As we stated above, the summary judgment opposition did not raised many unique legal issues, but was heavily fact based. Therefore, we will reduce

the electronic research costs incurred relating to the summary judgment motion by half. The charges for this research totaled $1,404.42. We will reduce them by $702.21, bringing the allowed total for electronic research to $3,096.51. We will also reduce the damages expert services expense by half, for the same reasons that we reduced the attorneys' fees in that category. The allowed total for expert services will be $1,475.00.

We will not reduce the remaining expense categories. The fact that defendant, a large, international law firm, may charge less for copying and faxing is not relevant to determining whether the amounts charged by plaintiff's counsel were unreasonable. There is no evidence that they are, and we will allow them. Likewise, there is no evidence that the expenses that plaintiff's counsel paid for witness travel, parking, or overtime are unreasonable. They will also not be reduced.

Therefore, IT IS HEREBY ORDERED that plaintiff is awarded attorneys' fees in the amount of $218,977.17 and costs in the amount of $13,518.17.

BY THE COURT:

_____, J.

cc:    All Counsel of Record