IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL E. SADOWSKY ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-0059 |
| ) | |
| INGERSOLL-RAND COMPANY ) | |
| Defendant. ) | |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                June 1st, 2007

This is an age discrimination case. A jury returned a verdict on February 23, 2005, awarding plaintiff $50,000 in compensatory damages. Before the court is plaintiff's third petition for attorneys' fees [doc. no. 91]. We have previously awarded plaintiff attorneys' fees and costs in the total amount of $257,279.96.

In his petition for attorneys' fees and costs, plaintiff asks that this court award him $11,594.15 for work performed by his attorneys between January and December of 2006. This work relates exclusively to plaintiff's second and third fee petitions. For the following reasons, we will award plaintiff a portion of the fees and costs requested.

Plaintiff is entitled to a "reasonable attorney's fee," which may include compensation for time spent litigating the issue of a reasonable fee. 29 U.S.C. § 216; Prandini v. National Tea Co., 585 F.2d 47, 53 (3d Cir. 1978). This policy encourages attorneys to represent indigent clients and act as private attorneys general, but should not result in a windfall to counsel. Planned Parenthood of Cent. New Jersey v. Attorney General of State of New Jersey, 297 F.3d 253 (3d Cir. 2002) (ruling made in the context of a section 1988 action); City of Riverside v. Rivera, 477 U.S. 561, 575 (1986). With respect to hours spent, a court is directed to deduct hours from the calculation if they are excessive, redundant, or otherwise unnecessary. Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001); Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

Plaintiff's attorneys charged more than 60 hours to issues related to the second and third fee petitions. Defendant contends that plaintiff's petition is patently unreasonable, given the large amount of attorneys' fees already awarded in this case, this court's admonition that future fee petitions would not be expected, and this court's prior determination that plaintiff had been adequately compensated for his work in connection with this case.

We find that the hours expended on fee issues are unreasonable and excessive. The issues are not complex, and do not warrant such an extensive amount of time. They certainly do not require the attention of two attorneys. As such we will reduce the fees by 75 percent. Therefore, we make an award of $2,898.54 ($11,594.15 x .25).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL E. SADOWSKY<br>    Plaintiff, | )<br>)<br>) |
| v. | )    Civil Action No. 03-0059<br>) |
| INGERSOLL-RAND COMPANY<br>    Defendant. | )<br>) |

## ORDER

AND NOW, this 1st day of June, 2007, IT IS HEREBY ORDERED that plaintiff's petition for attorneys fees [doc. no. 91] is GRANTED. Plaintiff is awarded attorneys' fees and costs in the amount of $2,898.54.

BY THE COURT:

_____, J.

cc:    All Counsel of Record

4